UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

WILLARD PERRY,
Defendant.

Docket No. 2:25-cr-00032-gwc

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, WILLARD PERRY, agree to the following in regard to the disposition of pending criminal charges.

1. WILLARD PERRY agrees to plead guilty to Count 1 of the Indictment charging him with knowing possession of child sexual abuse materials (also known as child pornography), in violation of 18 U.S.C. §§ 2252(a)(4)(B).

2. WILLARD PERRY understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: up to 20 years of imprisonment, pursuant to 18 U.S.C. §§ 2252(b)(2); up to lifetime supervised release with a mandatory minimum of 5 years, pursuant to 18 U.S.C. § 3583(k); up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; a $100 special assessment pursuant to 18 U.S.C. § 3013; and an additional special assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A.

3. WILLARD PERRY further understands that the Court must order full restitution to the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 2259. WILLARD PERRY stipulates and agrees pursuant to 18 U.S.C. § 3663(a)(3) to pay restitution to victims of Count 1 of the Indictment. WILLARD PERRY understands that the exact amount of

1

restitution will be set by the Court at sentencing. WILLARD PERRY further agrees that these victims will be afforded the Rights of Crime Victims established in 18 U.S.C. § 3771, including the rights to be reasonably heard by the Court at public proceedings involving release, plea, and sentencing.

4.  WILLARD PERRY agrees to plead guilty because he is, in fact, guilty of the above crime.

5.  WILLARD PERRY stipulates to, agrees with, and admits the following facts:

   a.  On or about March 12, 2025, law enforcement recovered a HP Pavilion, Model 510-p026 computer (the "Device") belonging to WILLARD PERRY from his residence in the District of Vermont.

   b.  WILLARD PERRY was the only person at his residence when law enforcement recovered the Device on March 12, 2025.

   c.  When law enforcement recovered the Device on March 12, 2025, law enforcement observed the Device had multiple tabs open to various pages of a website titled "Kitty and Mimmys Playground." These webpages displayed Child Sexually Abusive Material, otherwise known as child pornography.

   d.  WILLARD PERRY knowingly possessed over 50,000 images and videos of Child Sexually Abusive Material on the Device, including, but not limited to, the below:

      i.  A video file approximately nineteen minutes and seventeen seconds in length, which depicts a prepubescent female child approximately 5 to 7 years of age unclothed lying on a bed. An adult female is seen in the video wearing a replica penis around her waist. Throughout the video the adult female is seen inserting the replica penis into the child's mouth, anus and vagina. The adult female binds the child's wrist together with tape limiting

2

the child's movement.  The adult female continues to sexually assault the minor child.  Throughout the video the child seems distressed.

    ii.  An image of a prepubescent female child approximately 5 to 7 years of age based on the size of the child.  The child is unclothed lying on her back on the floor.  The child's wrists are bounded by rope to furniture.  The child's legs are spread with her vagina exposed.

    iii.  An image of a prepubescent female child approximately 4 to 6 years of age based on the size of the child.  The child is unclothed standing with her vagina exposed.  The child is bounded by her wrists with her arms suspended.  The child is blindfolded.

    iv.  A video file approximately thirty three minutes and fifty-five seconds in length, which depicts an adult male with a prepubescent female child approximately 3 to 5 years of age based on the size of the child.  The adult male unclothes the child and inserts his fingers into the child's vagina.  The adult male places his penis into the child's mouth.  The adult male places the tip of his penis into the child's vagina.

e.  In addition to the Child Sexually Abusive Material on the Device, WILLARD PERRY also maintained documents identifying a Tor network hidden service website (the "Website"), as well as a document listing the Website and the associated username "Wilmagofish" along with password: "woo292zx&%$#."

f.  Beginning in or around August 2021, WILLARD PERRY utilized username "Wilmagofish" on the Website where he knew Child Sexually Abusive Material was shared. Utilizing username "Wilmagofish" on the Website, WILLARD

PERRY knowingly sought out Child Sexually Abusive Material from, and distributed Child Sexually Abusive Material with other users of the Website. For example, within the Website on a thread titled "8 y Brunette web/cap??? Any more of her[,]" WILLARD PERRY commented "I'm looking for more of this cutay. . . . would be much obliged for any leads."

g.  WILLARD PERRY accessed the Website via the Internet.

h.  WILLARD PERRY knew that the over 50,000 images and hundreds of videos of recovered from the Device, as well as the Child Sexually Abusive Material he sought and distributed on the Website involved minors engaging in sexually explicit conduct.

i.  By its presence on the Device in the District of Vermont, the Child Sexually Abusive Material content recovered from the Device was transported in interstate or foreign commerce.

6.  WILLARD PERRY understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

7.  WILLARD PERRY acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these

rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

8. WILLARD PERRY fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

9. WILLARD PERRY fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. WILLARD PERRY acknowledges that there is no agreement between the parties as to both the calculation of the offense level and WILLARD PERRY's criminal history category. WILLARD PERRY understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else)

are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

10. WILLARD PERRY agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. WILLARD PERRY agrees to pay the special assessment at the time of sentencing.

11. WILLARD PERRY agrees to the following regarding restitution in this case:

a. WILLARD PERRY agrees to pay full restitution for all losses caused by all the schemes or offenses with which he was charged in this case, and he understands that, pursuant to 18 U.S.C. § 3663(a)(3), the amount of restitution will not be limited to the loss attributable to the count to which he is pleading guilty.

b. WILLARD PERRY understands that the Court will not consider his economic circumstances in determining the restitution amount. WILLARD PERRY agrees to pay restitution in an amount to be set by the Court when ordered, but in no event less than $3,000 for each identified victim, and may be as higher depending on evidence available at the time of sentencing.

c. WILLARD PERRY understands that the restitution described above creates a lien in favor of the United States on all property and rights to property he may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. WILLARD PERRY further understands the government will record a notice of the lien in any county where he resides or has property. WILLARD PERRY further understands that this order of restitution cannot be discharged in bankruptcy and that if he defaults on the payment of restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or

supervised release, resentence him, hold him in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

d. At any time before or after a judgment is entered in this case and until the financial obligation is paid in full, WILLARD PERRY agrees to complete, under penalty of perjury, a financial statement provided by the United States, and provide supporting documents, and to update that statement with material changes within seven days of the change. WILLARD PERRY understands that he must identify all assets and financial interests valued at more than $1,000. WILLARD PERRY further understands that these assets and financial interests include all assets and financial interests in which he has an interest, direct or indirect, whether held in his own name or in the name of another, in any property, real or personal. WILLARD PERRY expressly authorizes the United States to obtain a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the Court.

e. WILLARD PERRY agrees to surrender assets he obtained as a result of his crimes, and release funds and property under his control to pay any restitution. WILLARD PERRY further agrees to notify the United States before transferring any interest in property owned directly or indirectly by him, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. WILLARD PERRY also agrees to notify the United States of any interest in property he may obtain, directly or indirectly, which is valued at more than $1,000, and which includes any interest obtained under any other name, or

entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the restitution is paid in full. WILLARD PERRY understands that his disclosure obligations are ongoing and are in force from the execution of this agreement until WILLARD PERRY has satisfied the restitution order in full.

    f.   WILLARD PERRY agrees that any fine or restitution imposed by the Court against him will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. In the event that the Court imposes a schedule for payment of restitution, WILLARD PERRY agrees that such a schedule represents a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy WILLARD PERRY's full and immediately enforceable financial obligation. WILLARD PERRY further understands that the government may seek immediate collection of the entire restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office, and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property he receives may be offset and applied to federal debts. WILLARD PERRY understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

12. WILLARD PERRY acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with counsel, WILLARD PERRY agrees that he will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §2255. Nor will he pursue such an appeal

8

or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if that term does not exceed 120 months. This waiver covers any claim challenging the Court's variance or departure, including the substantive reasonableness of the variance or the Court's explanation for its variance or departure decision. This waiver also covers the conditions and duration of any term of supervised release, any fine of $250,000 fine or less, and any order of restitution of $75,000 or less. WILLARD PERRY expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude WILLARD PERRY from raising a claim of ineffective assistance of counsel in the appropriate forum.

13. WILLARD PERRY agrees that the following items, the HP Pavilion, Model 510-p026; Serial CNV6470MK1, and Apple iPhone, Serial Number DX3HF8Q30DXW that were seized from him on March 12, 2025, is his personal property. He agrees that the foregoing items contain contraband and consents to their destruction by law enforcement.

14. WILLARD PERRY agrees that, at all times relevant to the conduct related to his guilty plea, WILLARD PERRY resided at 1545 Lake Road, ▮▮▮▮▮▮▮▮ (the "Real Property"). WILLARD PERRY acknowledges and agrees that the Real Property was used to commit or to promote the commission of the offenses he committed in relation to Count One. WILLARD PERRY acknowledges and agrees that the United States may at any time (without regard to any statute of limitations or doctrine of laches) bring a civil forfeiture complaint against the Real Property. In the event of any such civil forfeiture proceeding, WILLARD PERRY will not file a claim nor contest the forfeiture in any way and will not cause any other person to file a claim or contest the forfeiture.

9

15. WILLARD PERRY recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. WILLARD PERRY, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. WILLARD PERRY nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

16. WILLARD PERRY understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). WILLARD PERRY also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. He understands that he will be required to keep his registration current, notify the state sex offender registration agency or agencies of any changes in his name, place of residence, employment, or student status, or other relevant information. WILLARD PERRY understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

17. The parties jointly recommend that the Court impose the following terms as conditions of WILLARD PERRY's Supervised Release:

   a. You must participate in an approved sex offender evaluation and any treatment program(s) recommended by the evaluation, as directed by the probation officer. The evaluation and treatment program(s) may include polygraph examinations.

10

Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision. You will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment. In the event of a supervised release violation petition, the court authorizes the probation officer to release any evaluation and psychological reports to defense counsel.

b. You must provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.

c. You must provide the probation officer with a complete and current inventory of the number of computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices used, possessed, or in your control along with a monthly log of computer access.

d. You must not use computer devices (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices until a Computer Use Plan is developed and approved by your treatment provider and/or probation officer. Such plan, at a minimum, may require you to submit a record of Internet use, online screen names, encryption methods, and passwords utilized by you.

e. You must not access any computer devices (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices that utilize any encryption, anonymization, "cleaning" or "wiping" software programs.

f.  You must not view, access or possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

g.  You must not associate or have contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background, and who has been approved in advance by the probation officer.  Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.  You may have contact with your minor children, subject to the approval of, and the terms and conditions set by, your probation officer.

h.  You must avoid and are prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, unless prior approval has been obtained from the probation office.

i.  You must allow, at the direction of the probation officer and at your expense, the installation of monitoring hardware or software to monitor your use of computer systems, internet-capable devices and/or similar electronic devices under your control.

j.  You must not have contact, directly or through a third party, with the victim(s) in this case.  Such prohibited conduct shall include the use of electronic communication, telephone, and written correspondence.  Should a victim related to you desire contact with you, and request such contact, you may have contact with

said victim, subject to the prior approval of, and the terms and conditions set by, your probation officer.

k.  You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection. You shall inform other residents of this condition. Failure to submit to a search may be grounds for revocation.

18. The United States agrees that in the event that WILLARD PERRY fully and completely abides by all conditions of this agreement, the United States will:

a.  not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 5 committed by him in the District of Vermont;

b.  recommend a sentence within the applicable Guidelines range;

c.  recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new

13

information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

d. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

19. If the United States determines, in its sole discretion, that WILLARD PERRY has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. WILLARD PERRY understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

20. WILLARD PERRY and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the appropriate term of imprisonment the Court should impose is not less than 49 months. Under this agreement, the Court retains discretion with all other aspects of the sentence, including the fine, the restitution, and the term of supervised release. The defendant further understands that if the court rejects the plea agreement on the agreed upon sentencing stipulation, the United States may deem the plea agreement null and void.

21. It is understood and agreed by the parties that should WILLARD PERRY's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States, and he may be prosecuted for any and all offenses otherwise permissible. WILLARD PERRY also agrees that the statute of limitations for all

14

uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

22. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

23. WILLARD PERRY expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Brooks G. McArthur, Esq. WILLARD PERRY further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, WILLARD PERRY expressly states that he is fully satisfied with the representation provided by his attorney, Brooks G. McArthur, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

WP A-26 24. No agreements have been made by the parties or their counsel other than those contained

herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
First Assistant United States Attorney

2/4/2026
Date

By: _____
Michelle M. Arra
Assistant U.S. Attorney

2-4-26
Date

_____
WILLARD PERRY
Defendant

I have read, fully reviewed and explained this agreement to my client, WILLARD PERRY. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

2-4-26
Date

_____
Brooks G. McArthur
Counsel for the Defendant